# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DAVID DEAN BUZZARD, JR.,

    Plaintiff,

v.                                                         CIVIL ACTION NO. 2:18-cv-00548

BETSY JIVIDEN, Commissioner,
West Virginia Division of Corrections, et al.,

    Defendants.

## ORDER TRANSFERRING CASE

On April 9, 2018, Plaintiff, who is presently incarcerated at the Northern Correctional Facility, in Moundsville, West Virginia, filed, *inter alia*, an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), a Complaint, (ECF No. 2), and a Motion for a Temporary Restraining Order and Preliminary Injunction, (ECF No. 7). Plaintiff's Complaint contains fifteen counts alleging various constitutional violations arising out of his requests for classification in special management due to alleged threats, harassment, assault, and extortion of Plaintiff, and Defendants' alleged failure to protect him from the same, following his cooperation in another inmate's criminal prosecution.

Although the Complaint contains some allegations concerning conduct by West Virginia Division of Corrections employees that occurred in the Southern District of West Virginia, the bulk of the claims concern conduct that occurred at the Northern Correctional Facility ("NCF") against Defendants who were employed there. The allegations lodged against Defendants located in this District are inextricably linked to those involving Defendants in the Northern District of

West Virginia, which makes parsing them for independent analysis overly inexpedient. Additionally, Plaintiff, who is incarcerated at the NCF, seeks preliminary injunctive relief that can be granted, if at all, only in the jurisdiction where he is presently incarcerated.

Section 1404 of Title 28 of the United States Code provides, in pertinent part, the following:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .

28 U.S.C. § 1404(a); *see also ING Bank N.V. v. Temara*, No. JKB-15-1488, 2016 WL 67254, at *2 (D. Md. Jan. 5, 2016) ("It is well established that a federal district court has the power to make a *sua sponte* transfer of venue under 28 U.S.C. § 1404(a) . . . ."). The NCF, where most of the factual allegations in the Complaint occurred, is located within the jurisdiction of the United States District Court for the Northern District of West Virginia. The majority of Defendants reside there as well. Thus, that is the proper venue for this matter. As such, the undersigned **FINDS** that, pursuant to Section 1404(a), it is in the interest of justice that this matter be transferred to the United States District Court for the Northern District of West Virginia.

Accordingly, it is hereby **ORDERED** that this matter be transferred to the United States District Court for the Northern District of West Virginia, Wheeling Division, 1125 Chapline Street, Wheeling, WV 26003, for additional proceedings. Plaintiff is directed to address any further information concerning this matter to that court, which will assign the case a new case number and take any further action as the court deems necessary.[1]

**IT IS SO ORDERED**.

---

[1] The undersigned notes that no action has been taken with respect to Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), or his Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 7), which may be addressed by the transferee court.

The Court **DIRECTS** the Clerk to mail a copy of this Order to Plaintiff.

ENTER: April 13, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE